IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY SAENZ,

                    Plaintiff,

        v.

JANEL NICKEL, NANCY WHITE,
LON R. BECHER, KAREN ANDERSON,
DAWN M. LAURENT, KURT SCHWEBKE,
MICHAEL MEISNER, DONALD MORGAN,
JESSICA HARRIS, NICHOLAS BUHR,
SONNETTE M. CALDWELL-BARR
and DALIA SULIENE,

                    Defendants.

OPINION AND ORDER

13-cv-697-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action brought under 42 U.S.C. § 1983, pro se plaintiff Jerry Saenz contends that defendant prison officials violated his constitutional rights under the Eighth Amendment in two ways. First, plaintiff argues that defendants knew of a substantial risk that plaintiff would harm himself by overdosing on "non-controlled" prescription medications, but that defendants failed to take reasonable steps to prevent the harm from occurring. Second, plaintiff argues that following his overdose and subsequent hospitalization, defendants subjected him to unconstitutional conditions of confinement.

Three motions are now before the court. First, defendants have moved for summary judgment with respect to plaintiff's first claim, contending that plaintiff failed to exhaust his

1

available administrative remedies as required by 42 U.S.C. § 1997e(a).  In addition, plaintiff has filed a motion for leave to file a surreply brief, dkt. #27, (accompanied by the proposed brief), and defendants have filed a motion to withdraw one of the arguments in their reply brief.  I am granting the two latter motions as unopposed.  I am denying defendants' motion for partial summary judgment because defendants have not demonstrated that administrative remedies were in fact available to plaintiff.

From the evidence submitted by the parties, I find that the following facts are undisputed.

UNDISPUTED FACTS

Plaintiff Jerry Saenz is a prisoner in the Wisconsin prison system.  At all times relevant to this suit, plaintiff was confined to the Columbia Correctional Institution in Portage, Wisconsin.

On June 22, 2012, plaintiff submitted an offender complaint to prison officials through the prison's Inmate Complaint Review System.  In the complaint, plaintiff alleged that prison staff failed to protect him on May 29, 2012, when he attempted suicide by overdosing on several prescription medications.  Plaintiff further alleged that he was unable to file an offender complaint from June 2, 2012, through June 21, 2012, because he was on "observation status" and was being housed in the prison's observation unit during that time.  Although plaintiff filed his complaint after the fourteen-day deadline set out in Wisconsin's administrative code, Wis. Admin. Code DOC § 310.09(6), he argued that, under the same

regulation, he had good cause for missing the deadline because he had been unable to file a complaint while in observation.

The Institution Complaint Examiner rejected plaintiff's complaint as untimely.  The examiner found that plaintiff had not shown good cause for the deadline to be extended on the ground that plaintiff could have requested crayons from the prison's Psychological Services Unit and could then have used the crayons to fill out a grievance form.

Plaintiff appealed the rejection of his complaint to the prison's reviewing authority under Wis. Admin. Code DOC § 310.11(6).  On July 10, 2012, the reviewing authority found that plaintiff's complaint had been appropriately rejected as untimely.

## OPINION

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit in federal court.  This means the prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers,  431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025.  Thus, if prison officials reject a grievance for failing to comply with a procedural requirement and they decline to address the merits of the grievance, the general rule is that the prisoner has not exhausted his administrative remedies and any lawsuit the prisoner later files must be dismissed.  Dixon

v. Page, 291 F.3d 485 (7th Cir. 2002); Lewis v. Washington, 300 F.3d 829 (7th Cir. 2002); Pozo, 286 F.3d at 1025.  Defendants have the burden of proving that plaintiff failed to comply with section 1997e(a).  Jones v. Bock, 549 U.S. 199 (2007).

The question raised by defendants' motion is whether plaintiff was able to file a grievance while he was on observation status.  If plaintiff was not able to file a grievance while in observation, then the complaint examiner's rejection of the grievance plaintiff filed immediately after he was released from observation rendered his administrative remedies unavailable.  Schultz v. Pugh, 728 F.3d 619, 620 (7th Cir. 2013) ("A remedy must, to be 'available,' be available in fact and not merely in form."); Hurst v. Hantke, 634 F.3d 409, 411–12 (7th Cir. 2011) ("A prisoner is required to exhaust only available administrative remedies, and a remedy is not available if essential elements of obtaining it are concealed."); Dole v. Chandler, 438 F.3d 804, 809–10 (7th Cir. 2006).

In arguing that plaintiff had an available remedy, defendants rely on the same reasoning as the complaint examiner, which is that plaintiff could have asked for crayons with which to fill out a grievance form while in observation.  Plaintiff says he did not know crayons were available upon request to inmates in observation, and that even if he had known, he still would not have been able to file a complaint because the prison does not allow inmates in observation to have grievance forms.  With respect to the latter point, plaintiff cites Wis. Admin. Code DOC § 310.09(1)(a), which requires grievances to be submitted on official grievance forms.  (In their reply brief, defendants cited two complaints plaintiff filed while in observation in May 2010, as evidence that plaintiff could have filed

4

a complaint when he was in observation in June 2012.  Defendants later withdrew this argument, however, after learning that in May 2010 plaintiff was not actually on "observation status," but was only being housed temporarily in the prison's observation unit. Dkt. # 31.)

The parties' arguments raise two questions: (1) whether plaintiff could have filed a grievance while on observation status; and (2) even if plaintiff could have filed a grievance, whether plaintiff knew or reasonably should have known he could file a grievance.  If the answer to either of these questions is "no," then I cannot conclude that plaintiff had an available administrative remedy.

With respect to the first question, I will assume for the purpose of deciding defendants' motion that plaintiff could have obtained crayons or other writing utensils if he had requested them.  This assumption, however, does not resolve plaintiff's argument that grievance forms are unavailable to inmates in observation.  In support of his argument, plaintiff submitted two sworn statements by fellow inmate Christopher Goodvine in which Goodvine avers that he was denied grievance forms while he was on observation status in the past.  Dkt. ## 20, at ¶ 4 and 29, exh. 102.  In addition, plaintiff submitted the record of a decision in which the prison's reviewing authority found that one of Goodvine's grievances had been "inappropriately rejected" as untimely because the "inmate was in observation status at the time . . . and did not have the means to file timely."  Dkt. # 29, exh. 102. Because defendants have neither disputed nor responded to plaintiff's evidence, I must accept as true that plaintiff could not obtain grievance forms while on observation status.

Defendants, therefore, have not met their burden of showing that plaintiff had access to the "essential elements" of the prison's grievance system while he was in observation. Hurst, 634 F.3d at 411–12.

Even if I were to assume that plaintiff could have obtained both writing utensils and grievance forms while he was in observation, the question remains whether plaintiff knew or should have known he could request these items. The general rule is that an administrative remedy is not available unless prison officials explain to prisoners the procedures for using the remedy. Roberts v. Neal, 745 F.3d 232, 235 (7th Cir. 2014); Hurst, 634 F.3d at 411; see also Vasquez v. Hilbert, No. 07-cv-00723-bbc, 2008 WL 2224394, at *4 (W.D. Wis. May 28, 2008) ("The burden is on the Department of Corrections to make grievance procedures clear and easy to follow."); Wis. Admin. Code DOC § 310.06 ("The department shall provide each inmate written notification and an oral explanation of the complaint procedures."). In this case, defendants have not alleged that prison officials explained to plaintiff how to file a grievance while in observation, either verbally or by including the information in a handbook on prison policies. Accordingly, I conclude that defendants have failed to demonstrate that administrative remedies were in fact "available" to plaintiff while he was in observation, Schultz, 728 F.3d at 620, and therefore I am denying their motion for partial summary judgment.

In his opposition brief, plaintiff also raised the question whether he was required to file a grievance at all. In particular, plaintiff argued that because he had received a conduct report for engaging in self harm as a result of his overdose, the grievance system could not

have afforded him any relief.  Wis. Admin. Code DOC §§ 310.08(2)(a), (3) ("An inmate may not use the [Inmate Complaint Review System] to raise any issue related to a conduct report, unless the inmate has exhausted the disciplinary process in accordance with ch. DOC 303"; "[a]fter exhausting the appeal process in [ch. DOC 303], an inmate may use the ICRS to challenge only the procedure used in . . . the disciplinary process . . . .").  In their reply brief, defendants argued that, to the extent the disciplinary process was the applicable administrative remedy, plaintiff had failed to exhaust that process because he did not include in his disciplinary appeal an allegation that defendants failed to stop him from overdosing.

Even if I were to assume that defendants did not forfeit this issue by failing to include it in their initial brief, the argument fails because defendants do not develop an argument that plaintiff *could have* raised this claim in the context of the disciplinary process.  Although plaintiff's grievance may have been "related to a conduct report" because the grievance arose out of the same incident as the conduct report, defendants do not suggest that plaintiff could have relied on defendants' alleged failure to prevent him from obtaining the medication as a defense to the conduct report.  Thus, this may be one of the situations I have discussed in previous cases, e.g., Shaw v. Jahnke, 607 F. Supp. 2d 1005 (W.D. Wis. 2009); Madyun v. Cook, 08-cv-30-bbc, 2008 WL 4330896, at *3 (W.D. Wis. May 23, 2008), in which it is not clear whether the prison regulations allowed the prisoner to grieve the issue at all.

To the extent that section DOC 310.08 could be read as requiring plaintiff to wait to file a grievance until after the disciplinary process is completed, the complaint examiner got the issue backwards by telling plaintiff that he filed his grievance too late rather than too

soon.  Certainly, plaintiff cannot be blamed for failing to file a grievance later, after the examiner told him that his first grievance was untimely.  Because the examiner did not tell plaintiff that he should pursue his grievance in the context of the disciplinary process or wait to file a grievance until the disciplinary process was completed, I see no reason to consider these issues.  Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004) (dismissal not appropriate when prisoner failed to complete grievance process because of misinformation provided by prison officials).

Because defendants have failed to demonstrate that plaintiff had access to the prison's grievance system while he was in observation, I must conclude that, when the complaint examiner rejected the grievance plaintiff filed the day after he was released from observation, administrative remedies became unavailable to plaintiff.  Where administrative remedies are unavailable to a prisoner, prison officials cannot succeed on a claim that the prisoner failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a).


ORDER

IT IS ORDERED that

1.  The motion for partial summary judgment filed by defendants Janel Nickel, Nancy White, Lon Becher, Karen Anderson, Dawn Laurent, Kurt Schwebke, Michael Meisner, Donald Morgan, Jessica Harris, Nicholas Buhr, Sonnette Caldwell-Barr and Dalia Suliene, dkt. # 15, is DENIED.

2.   Plaintiff Jerry Saenz's motion for leave to file a surreply brief, dkt. #27, is GRANTED as unopposed.

3.   Defendants' motion to withdraw an argument in their reply brief, dkt. #31, is GRANTED as unopposed.

Entered this 9th day of July, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge