IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY SAENZ,

                Plaintiff,

       v.

JANEL NICKEL, NANCY WHITE,
LON R. BECHER, KAREN ANDERSON,
DAWN M. LAURENT, KURT SCHWEBKE,
MICHAEL MEISNER, DONALD MORGAN,
JESSICA HARRIS, NICHOLAS BUHR,
SONNETTE M. CALDWELL-BARR
and DALIA SULIENE,

                Defendants.

ORDER

13-cv-697-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se plaintiff Jerry Saenz is proceeding on claims that defendants violated his Eighth Amendment rights by failing to stop him from overdosing on "non-controlled" prescription medications and subjecting him to unconstitutional conditions of confinement.  In an order dated July 10, 2014, the court stayed proceedings in this case to search for a lawyer willing to represent plaintiff.

       Catherine Rottier of the law firm Boardman & Clark LLP has agreed to represent plaintiff, with the understanding that she will serve with no guarantee of compensation for her services.  It is this court's intention that the scope of representation extends to proceedings in this court only.  "Proceedings in this court" include all matters leading up to

1

a final judgment on the merits, the filing of a Notice of Appeal, if appropriate, and ensuring that all steps are taken to transfer the record to the Court of Appeals for the Seventh Circuit.

Additionally, the court intends the scope of representation to be limited to litigating plaintiff's current claims. It will be unnecessary for counsel to file an amended complaint or otherwise relitigate matters already completed.

Plaintiff should understand that because he is now represented in this case, he may not communicate directly with the court from this point forward. He must work directly with counsel and permit her to exercise her professional judgment to determine which matters are appropriate to bring to the court's attention and in what form.  Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. He should be prepared to accept the strategic decisions made by counsel even if he disagrees with some of them.  If plaintiff decides at some point not to work with counsel, he is free to end the representation, but he should be aware that it is unlikely that the court will work to recruit a second set of lawyers to represent him.

If the parties believe that mediation could help resolve their disputes, they may contact the clerk of court, Peter Oppeneer, for assistance.


ORDER

IT IS ORDERED that the clerk of court is directed to set a telephone conference

2

before Magistrate Judge Stephen Crocker to set the schedule for the remainder of the proceedings in this lawsuit.

Entered this 6th day of August, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge